BRYAN, Judge,
dissenting.
Because I would affirm the trial court’s judgment, I must respectfully dissent.
I agree with the main opinion’s conclusion that the festival put on by The National Peanut Festival Association, Inc. *835 (“the Association”), is a state fair within the meaning of § 40-9-1(12), Ala.Code 1975. However, unlike the main opinion, I would hold that, because the festival is a state fair, § 40-9-1(12) exempts from “taxation of any character” all the receipts generated by the sale of admission tickets to events or shows associated with the festival whether those tickets are for admission to the “Little Miss” pageant, the “Big Miss” pageant, the agricultural exhibits, the musical concerts, the parade, or the midway. In my opinion, the last sentence in § 40-9-1(12), which states that “Mottling contained in this subdivision shall be construed to prohibit any municipality, county or state from imposing any license tax upon or for the privilege of engaging in the business of ... conducting or operating devices or games of skill or amusements or other games or devices, or conducting or operating shows, displays or exhibits other than shows, displays or exhibits of agricultural implements, farm products, livestock and athletic prowess” (emphasis added), does not subject the receipts generated by the sale of admission tickets to events or shows associated with the festival to taxation because the Association is not in the business of doing those things; rather, the Association is a nonprofit entity that puts on the festival merely to effect the purpose for which it is organized, i.e., promoting interest in peanuts and peanut farming. See 10-2A-21(17), Ala.Code 1975. The final sentence of § 40-9-1(12) would, however, allow a municipality, a county, or the state to impose on the separate carnival company that operates the midway a “license tax upon or for the privilege of engaging in the business of ... conducting or operating devices or games of skill or amusements or other games or devices, or conducting or operating shows, displays or exhibits other than shows, displays or exhibits of agricultural implements, farm products, livestock and athletic prowess,” because the separate carnival company is in the business of operating the midway.
Although the Association has not argued that we should affirm the trial court’s judgment on the particular ground that I have articulated above, we can affirm a trial court’s judgment on any legally valid ground. See Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988).